UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HARDY, | ) No. CV 16-0779 AS |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| CAROLYN W. COLVIN, | ) **ORDER OF REMAND** |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**I. PROCEEDINGS**

On December 6, 2012, Plaintiff Walter Hardy ("Plaintiff") applied for Supplemental Security Income benefits alleging a disabling condition beginning March 1, 2008. (AR 114). On June 3, 2014, Administrative Law Judge ("ALJ") David G. Marcus examined

1

records and heard testimony from Plaintiff and vocational expert ("V.E.") Dr. Martin Brodwin. (AR 36-62). On August 5, 2014, the ALJ denied Plaintiff benefits in a written decision. (AR 26-32). The Appeals Council denied review of the ALJ's decision. (AR 1-4).

On February 3, 2016, Plaintiff filed a Complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c) alleging that the Social Security Administration erred in denying benefits. (Docket Entry No. 1). On June 20, 2016, Defendant filed an Answer to the Complaint, (Docket Entry No. 14), and the Certified Administrative Record ("AR"), (Docket Entry No. 15). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 11, 12). On October 26, 2016, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claims. (Docket Entry No. 22).

## II. SUMMARY OF ALJ'S DECISION

The ALJ applied the five-step process in evaluating Plaintiff's case. (AR 26-28). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the application date. (AR 28). At step two, the ALJ found that Plaintiff's severe impairments included diabetes mellitus, obesity, and bilateral knee osteoarthritis. (AR 28-29). At step three, the ALJ found that Plaintiff's impairments did not meet or equal a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 29).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of medium work. (AR 29). Specifically, the ALJ ruled that Plaintiff "can lift/carry 50 pounds occasionally and 25 pounds frequently. He can stand/walk 6 hours and sit 6 hours each in an 8-hour workday. [Plaintiff] can engage in occasional climbing, kneeling and squatting." (AR 29). In making his RFC finding, the ALJ stated that Plaintiff's subjective complaints regarding the extent of his limitations were "not entirely credible." (AR 30).

At step four, the ALJ determined that Plaintiff could return to his past relevant work as a van driver. (AR 31-32). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 32).

### III. STANDARD OF REVIEW

This court reviews the Administration's decision to determine if the decision is free of legal error and supported by substantial evidence. See Brewes v. Commissioner of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either

affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

### IV. PLAINTIFF'S CONTENTIONS

Plaintiff's sole claim is that the ALJ failed to provide adequate reasons for rejecting his subjective complaints. (See Joint Stip. at 4-8).

### V. DISCUSSION

After reviewing the record, the Court finds that Plaintiff's claim warrants remand for further consideration.

**A. The ALJ Failed To Provide Adequate Reasons For Rejecting Plaintiff's Subjective Complaints**

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of his subjective symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating specific, clear and convincing reasons for doing so. Brown-Hunter v. Colvin,

806 F.3d 487, 492-93 (9th Cir. 2015) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)).  In this case, because there is no evidence of malingering, the "clear and convincing reasons" standard applies.

During the hearing, Plaintiff testified that he had last worked in 2006 and had previously been a driver and performed "shipping and receiving dock work."  (AR 39-42).  Plaintiff claimed that, at the time of the hearing, he was seeing a doctor every two weeks for his diabetes and hypertension.  (AR 42-43).  Plaintiff also observed that he was insulin dependent and had high cholesterol.  (AR 44).

Plaintiff testified that he suffered from swollen joints, hands, and feet every day, as well as heart palpitations three times a week that caused burning in his chest and could last for hours at a time. (AR 45-46, 55).  Plaintiff also testified that he had constant pain in his knees and ankles along with numbness, tingling, and burning in his feet for hours at a time.  (AR 46-47).  Plaintiff further stated that his legs sometimes "lock up" for between twenty and sixty minutes and that he gets severe headaches three or four times a week for a few hours at a time.  (AR 47-49).  Plaintiff also claimed to experience numbness in his fingertips, dizziness, back pain after lifting heavy objects, and blurry vision.  (AR 51-54).

Plaintiff testified that he walked for between 45 minutes and an hour three times a week and that doctors recommended additional exercise to prevent his legs from "lock[ing] up." (AR 56).  He also

stated that, to control his conditions, he had modified his diet, drank "lots of water," and took his insulin regularly. (AR 56-57).

The ALJ partially rejected Plaintiff's subjective complaints in the following excerpt:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> While [Plaintiff's] impairments do limit certain aspects of [his] functioning, there is no evidence establishing the impairments are so severe as to prevent [Plaintiff] from basic work activities.
>
> In order for an impairment to be severe, the impairment must last or be expected to last at the "severe" level for a continuous period of 12 months or be expected to result in death. The records show [Plaintiff] was treated only in December 2012 and January 2013. Thus, it could be argued that [Plaintiff's] impairments do not meet the durational requirement. However, giving [Plaintiff] the benefit of the doubt, the undersigned finds that the above-listed impairments are severe.

> As for [Plaintiff's] diabetes, [Plaintiff's] record indicates that he has insulin-dependent diabetes. However, the record does not indicate significant limitations associated with [Plaintiff's] diabetes. [Plaintiff] is currently receiving treatment for diabetes, and he testified that he was compliant, taking two doses of insulin per day. There is no evidence that he was not responsive to prescribed medication.
>
> The undersigned finds that [Plaintiff] is not fully credible. The objective evidence does not support [Plaintiff's] allegations of severity and subjective complaints.
>
> He testified that he has occasional numbness in his fingertips, but there is no sensory loss documented in the medical evidence of record. The consultant noted that [Plaintiff's] history may suggest the beginnings of diabetic peripheral neuropathy, but noted that if that was the case, it would be mild, and has not resulted in atrophy. Although [Plaintiff] was fitted for orthopedic shoes, the record shows no evidence of lower extremity swelling. Also, he has not actually been diagnosed with more serious conditions associated with diabetes, including diabetic nephropathy, peripheral neuropathy or retinopathy.
>
> [Plaintiff] also testified that he has high blood pressure and cholesterol, but there is no significantly elevated

> blood pressure documented in the medical records. The record shows that on December 27, 2012, [Plaintiff's] blood pressure was noted to be 140/86, which is not abnormally high. The record also shows that there is no evidence of congestive heart failure or a cardiac diagnosis. [Plaintiff] reports that he has dizzy spells when he gets up too fast, but there is no evidence of complaints of dizziness in the treatment records or a medical diagnosis related to this symptom.
>
> As for the knees, [Plaintiff] has alleged pain, and on examination, there was mild osteoarthritic changes in the knees with crepitus on flexion noted. However, there was no indication of abnormal gait in the record. [Plaintiff] ambulated without an assistive device. [Plaintiff] was able to stand on toes/heels, and perform tandem gait. Although he complained of the swelling in the extremities, there was no documented problem with edema. [Plaintiff] indicated that he was able to walk for exercise between 45 minutes and one hour 3 times per week. In fact, [Plaintiff] testified that when he told his doctors that his legs lock up, they told him to exercise more.
>
> [Plaintiff] has a history of obesity, as evidenced by his weight of 244 pounds at 6' tall, which calculates to a body mass index (BMI) of 33.1. The undersigned has considered the potential impact of obesity in causing or contributing

      to the co-existing impairments as required by Social Security Ruling 02-01p. . . .

      After considering the record as a whole, the undersigned finds that [Plaintiff's] residual functional capacity takes into account [Plaintiff's] limitations, and is reasonable in light of the objective medical evidence.

(AR 30-31 (record citation and footnote omitted)).

    Remand is warranted. As Defendant notes, the ALJ rejected Plaintiff's testimony in part because Plaintiff was able to walk for exercise for up to one hour three times per week. (AR 31; Joint Stip. at 10, 13). However, the record does not demonstrate that Plaintiff's ability to walk three times weekly for exercise is consistent with the ability to perform full time work or inconsistent with his subjective complaints. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (finding "only a scintilla" of evidence supporting ALJ's adverse credibility finding where claimant was able to go grocery shopping with assistance, walk approximately an hour in the mall, get together with friends, play cards, swim, watch television, read, undergo physical therapy, and exercise at home); see also Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998) (activities of daily living affect a claimant's credibility "[o]nly if the level of activity [is] inconsistent with [the claimant's] claimed limitations;" ALJ erred by "not fully accounting for the context of materials or all parts of the testimony and reports,"

resulting in paraphrasing of record material that was "not entirely accurate regarding the content or tone of the record").

The ALJ also rejected Plaintiff's testimony partially because there is "no evidence" that Plaintiff was not responsive to prescribed diabetes medication. (AR 30; Joint Stip. at 10, 12). It is unclear if this finding is distinct from the ALJ's conclusion, addressed infra, that objective evidence and the treatment record did not substantiate Plaintiff's testimony regarding the severity of his limitations. In any event, Respondent acknowledges that the record contains "indications" based on blood work that "Plaintiff's diabetes was not well-controlled." (Joint Stip. at 12). The ALJ's discussion of Plaintiff's credibility does not analyze these indications and fails to provide necessary factual context for the ALJ's finding. The finding therefore provides an insufficient basis upon which to affirm. See Reddick, 157 F.3d at 723 (it is impermissible for the ALJ to develop an evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports"); see also Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (an ALJ may not reach a conclusion and justify it by ignoring competent evidence in the record that would suggest the opposite result).

Otherwise, it appears that the ALJ's rejected Plaintiff's complaints as inconsistent with the objective medical evidence and treatment records. (AR 30-31). Lack of objective medical support cannot be the sole basis for finding a claimant not credible. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot

"form the sole basis"). The ALJ did not provide any other reasons for rejecting Plaintiff's testimony with the degree of specificity required by case law. See Burrell, 775 F.3d at 1138-39; Brown-Hunter, 806 F.3d at 494 ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error.").

In light of the foregoing, the Court concludes that the ALJ provided insufficient support for his decision to discount Plaintiff's subjective complaints.

**B. The Court Cannot Conclude That The ALJ's Error Was Harmless**

"[H]armless error principles apply in the Social Security . . . context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). Generally, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (citing Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)).

The Court cannot conclude that the ALJ's errors were harmless. The limiting effects of Plaintiff's pain are directly relevant to assessing his RFC. A claimant's RFC "may be the most critical finding contributing to the final . . . decision about disability." See McCawley v. Astrue, 423 F. App'x 687, 689 (9th Cir. 2011) (quoting SSR 96—5p). Here, Plaintiff's RFC was central to the ALJ's

determination that he could return to his past work. (AR 31-32). Because the Court cannot determine that the ALJ's errors were "inconsequential to the ultimate nondisability determination," the errors cannot be deemed harmless. See Carmickle, 533 F.3d at 1162.

**C.  Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Here, the Court remands because the ALJ provided insufficient support for his decision to discount Plaintiff's subjective complaints. The record does not affirmatively establish that the ALJ could not have found Plaintiff not fully credible for other reasons, nor does it establish that the ALJ would necessarily be required to find Plaintiff disabled if these deficiencies were remedied. Remand is therefore appropriate.

The Court has not reached issues not discussed supra except to determine that reversal with a directive for the immediate payment of benefits would be inappropriate at this time.

## VI.  CONCLUSION

For the foregoing reasons, the decision of the Administrative Law Judge is VACATED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 30, 2016

                            _____/s/_____
                                   ALKA SAGAR
                            UNITED STATES MAGISTRATE JUDGE